**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **Cr. No. 06-71-01** |
| **SANDY BAEZ** | ) | |

**MOTION FOR PSYCHOLOGICAL EXAMINATION**

Now comes Counsel for the Defendant Sandy Baez and moves this Honorable Court to order a Psychological evaluation of his client.

Counsel sincerely believes that his client is suffering from some sort of mental difficulties.

Counsel has spoken to AUSA Stephanie S. Browne, and she has indicated that she does not object to the present Motion.

Respectfully Submitted,

John H. Ruginski, Jr. RI#1612
129 Dorrance Street Suite 1
Providence, RI 02903
401.272.7966

## CERTIFICATION OF SERVICE

I John H. Ruginski, Jr., hereby certify that I have hand delivered a true copy of the within motion to AUSA Stephanie S. Browne, Esq., US Attorney's Office, Fleet Center, 50 Kennedy Plaza 8th Floor, Providence, RI 02903 on this 2nd day of November 2006.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **Cr. No. 06-71-01** |
| **SANDY BAEZ** | ) | |

**STATEMENT OF COUNSEL IN SUPPORT OF PRESENT MOTION FOR PSYCHOLOGICAL EXAMINATION**

Now comes Counsel and represents as follows:

1. He has been representing Defendant Sandy Baez since 6-21-2006;
2. Since that time he has spoken to Defendant on many occasions , Defendant has given Counsel Case Law, research and letters which Counsel has read and explained to the Defendant;
3. As many times as Counsel has demonstrated why his materials do not support his position Defendant fails to accept the advice;
4. On 8-18-2006 the AUSA provided a Plea Agreement at Defendant's request. Defendant would not sign said agreement;

5. After a meeting with the AUSA and the DEA on 9-26-2006 Defendant asked that he not be charged with Conspiracy because the Co-Defendant had no knowledge of what was in the package. He agreed to Plea to Distribution of Heroin and Assault.
6. on 9-27-2006 AUSA Brown sent Counsel a Plea Agreement which Mr. Baez has refused to sign on at least three occasions;
7. Defendant retained the National Professional Legal Associates to do research in his case. On 10-30-2006 Wes Robinson, Esq., from that organization contacted counsel's office and indicated that they had advised the Defendant to enter a Plea;
8. Mr. Baez has typed letters to Counsel and shown them to Counsel at Wyatt Detention Facility, when Counsel demonstrates that the Laws cited in his letters do not support his position he retrieves the letters and puts them in his envelope;
9. It is apparent to Counsel that the Defendant is taking an illogical posture in his case in light of all explanations given to him of the present Law and Guidelines;

10. Counsel believes that in order to prevent any episodes from occurring during trial he would desire to have Mr. Baez evaluated to rule out any mental difficulties. Defendant has indicated that he wants to engage in conversations with the witnesses at Trial;

11. Counsel has spoken to Defendant's ex-spouse and she agrees that the Defendant should have the evaluation.

Respectfully submitted,

John H. Ruginski, Jr. RI#1612
129 Dorrance Street Suite 1
Providence, RI 02903
401.272.7966