UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| USA | : | Criminal No. CR 06-71-01T |
| vs. | : | Special Appearance: In propria Persona. |
| SANDY BAEZ | : | I plea "In Bar Coram Non Judice." |
| | : | |
| | XXX | |

IN THE MATTER OF USA vs. SANDY BAEZ

To the Honorable Ernest C. Torres :

Comes now the defendant, Sandy A. Baez, in propria persona, making a plea " In Bar Coram Non Judice". I am asking The Court and The Government to eliminate the limitations of my attorney's conduct. So that my attorney may effectively assist me and represent me in my legal defense against the charges pending against me under Title 18 U.S.C. §§ 2 & 111(b), and 21 U.S.C §§§ 841 (a)(1) , (b)(1)(B)(i) & 846 to prevent potential and actual injustice that has and may occurred in my case.

I am asking The Court and The Government to give my retained attorney, John H. Ruginski, Jr., signed consent. Releasing my attorney from his first duty to The Court. I am aware that before the claim of representation is taken, a Bar licensed attorney has an immediate, major conflict of interest, which both he and The Courts ignore and do not disclose, even though they both have a legal and moral duty to inform an accused of this conflict :

First duty is not to the client, Counsels must remember that they too, are officer of the Court, administrator of Justice, oath-bound servants of society; that their first duty is not their to clients, but is to the administration of justice, that their success is wholly subordinate; See U.S. Vs. Frank, 53 F.2d 128; U.S. Vs Loughlin, 57 F.2d 1080; U.S. Vs Pearse, 59 F.2d 518; In re kelly, 243 F 696.

In case of conflict between attorney's duty to clients and that to Courts, his duty to The Court must prevail. State Vs. Barto, 232 N.W. 553; 202 Wis. 329.

A defendant is entitled to a lawyer whose undivided loyalty lies with his client (not The Goverment) Spreitzer Vs. Peters, 114 F.3d 1435 (7th Cip. 1997).

I am a defendant who, if convicted on these "fabricated" charges, will face not only a severe penalty of incarceration but also removal from this country in the form of deportation. As a result I will lose my legal status, which constitute a life-time punishment.I am charged with conspiracy which as far as I know, for a conspiracy to exist there must be at least two or more co-conspirators to execute the intended plan, an essential element of conspiracy.I am singularly charged and my attorney tried to convince me by all means to enter a plea of guilty, even though he is aware that a person alone can not be convicted of conspiracy.

For all the mentioned reasons, the undersigned hope his plea is granted.

Respectfully Submitted This 30th days of November 2006.

Sandy A. Baez/Defendant

## Certification

Thi is to certify that a copy of the foregoing was mailed via certifyed mail to cash of the following:

Assistance U.S. Attorney

Stephanie S. Browne, Esq.

U.S. Attorney's Office

Fleet Center

50 Kennedy Plaza 8th floor

Providence; R.I. 02903

Defendant's Counsel

John H. Ruginski, Jr.,Esq.

129 Dorrance Street

Providence; R.I. 02903

Sandy A. Baez/Defendant