IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) Cr. No. 06-071-01T
)
SANDY BAEZ )

GOVERNMENT'S NOTICE PURSUANT TO FED.R.EVID. 404(b)
AND MEMORANDUM IN SUPPORT OF SUCH EVIDENCE

Based upon the defendant's pretrial memorandum filed on January 8, 2007, seemingly claiming a lack of knowledge of the heroin sold by the defendant, the government hereby gives notice of its intent to introduce the following evidence in the trial of United States v. Sandy Baez:

On January 31, 2003, in Providence, Rhode Island, the defendant sold $1,960 worth of heroin to a cooperating source. During that sale, the defendant used a third individual, Ney Abar, one of the defendant's special education students, to deliver the heroin.

In the case at hand, when law enforcement began to question the defendant about Ney Abar and the 2003 drug deal, the defendant became enraged and assaulted Task Force Agent Mike Naylor.

Although the government does not intend to introduce the above-described evidence in its case-in-chief, the government reserves the right to introduce such evidence depending upon any

cross-examination of the government's witnesses and/or evidence introduced by the defendant during his own case-in-chief raising the issue of the defendant's knowledge of the heroin or calling into question the circumstances leading up to the defendant's assault of Task Force Agent Mike Naylor.

The prior drug deal using Ney Abar is intrinsic to the assault offense charged in the indictment because it provides context for the defendant's actions. To the extent this evidence is not intrinsic to the charged offenses, it is offered to prove the defendant's intent to distribute narcotics. See United States v. Landrau-Lopez, 444 F.3d 19, 23-24 (1st Cir. 2006) (allowing testimony regarding the defendant's prior drug dealings with a witness to show knowledge and intent); United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent."); United States v. Hadfield, 918 F.2d 987, 995 (1st Cir. 1990) (affirming the district court's decision to admit the defendants' prior drug convictions because such convictions were probative of knowledge, intent and the working relationship between defendants).

The government will ask to approach the bench prior to inquiring of any witness regarding such matters.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On January 16, 2007, I caused a copy of the within "Government's Notice Pursuant to Fed.R.Evid. 404(b) and Memorandum in Support of Such Evidence" to be filed electronically and is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

John Ruginski, Jr., Esquire
129 Dorrance Street, Suite 1
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj