FILED
JAN 09 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND (PROVIDENCE)

UNITED STATES OF AMERICA, :

Plaintiff : Case No.: 1:06-CR-00071-1
(Judge Ernest C. Torres)

V :

SANDY BAEZ, :

Defendant. :

---

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

Comes now the Defendant, Sandy Baez, and requests the Court to make the following inquires of the panel during voir dire examination:

1. That the jury panel be asked in general:

   a) Have the panel members ever served on a State or Federal civil or criminal jury?

   b) What type of case were you a juror on?

   c) What was the verdict of the jury?

   d) Did anything happen in that case or cases which would affect you in determining this case? You must bear in mind each case must be determined on its own facts and instructions.

2. Has anyone read about, heard about (by radio, television or otherwise) or have any knowledge about the charges against the Defendant or about the Defendant?

3. If the answer to Number 2 is in the affirmative, ask such individual panel member:

   a) Have you formed or expressed an opinion of his guilt or innocence?



COPY

b) Without saying what it was, do you remember anything that you read or heard?

c) Would it affect your determination of this case? That is, could you blot it from your mind and determine this case on the evidence and instructions in this case?

4. Are you now, or have you ever been a member of any law enforcement agency, whether local, state, or federal or engaged in law enforcement work for some private concern?

5. Are you closely related to or closely associated with, as friends or business acquaintances, any members of a law enforcement agency, whether local, state or federal?

6. Do you understand that the Government must prove the defendant guilty beyond a reasonable doubt, and that the defendant is presumed innocent throughout the trial? In other words, do you have any quarrel with the rule of law that a defendant must be proven guilty beyond a reasonable doubt, and that a mere suspicion or probability of guilt is not sufficient to convict?

7. Do you understand that the defendant is not required to prove his innocence, and in fact, need offer no evidence whatsoever?

8. Do you understand that you are serving justice just as much by finding a defendant not guilty if you have a reasonable doubt as to his guilt, as you are in finding him guilty if there is no reasonable doubt?

9. Is there anything about the crime charged that causes you any apprehension about serving as a juror?

10. Have you or any member of your family ever been or thought you were the victim of any crime?

11. Have you ever been a complainant or witness for the prosecution in any criminal charge?

12. Do you believe that because the Government brings a criminal charge against the defendant that the defendant is probably guilty of the charge?

13. Do you now believe that you can give the defendant and the prosecution a fair and impartial trial?

14. Has any member of the jury panel or member of their immediate family now or ever been employed by a court as a clerk, bailiff, court reporter, or other office thereof? If so, please provide the court, the dates of employment, and the duties performed.

15. Has any member of the jury panel ever served on a state or federal grand jury? If so, please establish when such service was performed and where.

16. Has any member of the jury panel ever received any legal training, or been employed in a law office? If so, please determine the nature of such training or experience.

17. Is any member of the jury panel closely related to any lawyer? If so please determine whether the lawyer practices and if in the metropolitan area, establish his or her name.

18. The following persons may be mentioned in evidence or testify in this case. Is any member of the jury panel related to, done business with or acquainted with any of the witnesses:

19. Is there any member of the jury panel who now or ever has been an employee of the State or United States Government or is there any member of the jury panel closely related to any person who is now or ever has been employed by the State or United States Government? If the answer is in the affirmative, please indicate the agency of the government, the dates of employment and the duties performed.

20. If you were the defendant, now having before you the brief description of the crime as has been related, would you be willing to have someone in your present state of mind to serve on a jury determining your guilt or innocence?

21. Is there any reason, whether it has been touched upon or not, that you feel you cannot sit as a juror in the trial of this case?

22. Do you understand that government agents and police officers can make mistakes just like the rest of us and when any witness takes the stand, regardless of what he does for a living, his testimony is to be judged by you objectively? Will you be able to accept that instruction as the law?

23. Does anyone feel it would be unacceptable to vote "not guilty" or think "not guilty" after a trial?

24. Are there any among you who feel that you would be unable to accept the law as given to you by the Court, without reservation, even if you disagreed with it wholly or partially?

25. Does the fact that the Defendant has been indicted by a Grand Jury in this case lead you to conclude that he must have done something wrong or otherwise he would not be on trial?

26. Under our law, a defendant is presumed to be innocent and that presumption of innocence alone sufficient to acquit anyone charged with a crime. Do any of you, as prospective jurors, feel that the nature of the charge has any bearing on the existence of the presumption of innocence?

    a) If answered "yes", are there occasions when you believe the presumption of innocence can be waived?

    b) Do you have any objection to the proposition that the government must overcome the

presumption of innocence?

27. In our system, the way a case is brought to trial is for the Government to become a party to the case. This is only a formality and is merely procedure. Does that fact that the Government is a party make you in any way biased in favor of the Government, or the prosecution?

a) Do you understand that simply because the government is a party of this case, as it is in every criminal case, that fact cannot be interpreted as an implication of guilt? The Defendant stands here today in the eyes of the law as an innocent defendant. He is presumed innocent and remains so unless and until the Government can prove each and every element of each and every crime against him beyond a reasonable doubt. Do any of you have any hesitancy whatsoever in accepting that as the law?

28. Do you understand that despite the Defendant's arrest and indictment in this case, he sits here today presumed to be innocent by the law?

29. If the Government fails to prove all of the elements of this case beyond a reasonable doubt, would you hesitate to return a verdict of "not guilty"?

30. Will you judge this case strictly and solely upon what you hear in this courtroom in the form of evidence, and nothing else?

31. Do any members of the jury panel know one another? If so, in what capacity? If you are both selected to be on the jury, would you be able to reach your own conclusion about the guilt or innocence of the defendant without being influenced by the opinion of your acquaintance?

32. Does any member of the jury panel presently have an opinion about this case?

33. Do you realize it is possible when you listen to the case as a whole that you might conclude that the defendant might not have committed the particular offense charged?

34. Will you agree not to make up your mind at any point of the trial before it is completely over, until after the defendant has rested his case and the trial arguments and after the court's instructions?

35. Do each of you personally presume the defendant innocent at this point?

36. Do you understand that you cannot find this defendant guilty just because you think he is guilty of some crime? It is not enough to convict a defendant if you merely think he engaged in some criminal conduct at some point. Under your oath you must be convinced beyond a reasonable doubt that the Government proved the particular charge against him in this case and every element of that charge beyond a reasonable doubt before you can convict him of anything.

37. Now, under our law, the defendant has no burden of proving himself innocent. The Government has the complete burden of proof. If I so instruct you, will you follow that legal instruction?

38. Have any of you ever studied law? Where? When? Do any of you have relatives or friends who are lawyers or who are presently studying law?

39. Are each of you in such a fair and impartial state of mind that you would be satisfied to have a jury possessing your mental state judge the evidence if you were on trial here?

40. If you came to the conclusion that the Government had not proven the Defendant guilty beyond a reasonable doubt, and you found that a majority of the jurors believe the defendant was guilty would you change your verdict only because you were in the minority?

41. Would you give the Defendant the benefit of your individual judgement in arriving at a verdict in this case?

42. Is there any reason why anyone cannot sit on this case and be completely fair and impartial to the Defendant and decide this case strictly and solely on the basis of the evidence that comes into this courtroom and nothing else?

Respectfully submitted,

John Ruginski, Jr.
Attorney for Sandy Baez

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing instrument was delivered to the following: Stephanie S. Browne, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 on this 8th day of January, 2007.

John Ruginski, Jr.
Attorney for Sandy Baez