UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR No. 06-071-01T |
| | ) | |
| | ) | |
| SANDY BAEZ | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The defendant objects to the guideline offense level as calculated by the probation officer because he contends it was based upon an incorrect drug quantity, included an adjustment for obstruction of justice, denied the defendant acceptance of responsibility points, and denied the defendant safety valve. Based upon these objections, the defendant's employment history, and the defendant's immigration status, the defendant asks the Court to sentence him at an offense level 19, guideline range 30-37 months.

DRUG QUANTITY

The defendant possessed with the intent to distribute 129.7 grams of a mixture and substance containing a detectable amount of heroin. This heroin was heavily diluted with a cutting agent.

The guidelines provide that the weight of a controlled substance includes the entire weight of any mixture and substance containing a detectable amount of the controlled substance, excluding any materials that must be separated from the controlled substance before it can be used. See U.S.S.G. § 2D1.1, note & commentary note 1. An example of a material that

must be separated prior to use is fiberglass in a cocaine/fiberglass bonded suitcase. See id. at commentary note 1.

In this case, the heroin the defendant possessed with the intent to distribute was in a form ready to be used. Accordingly, the entire weight of the substance should be attributed to the defendant for purposes of determining his offense level.

OBSTRUCTION OF JUSTICE

Section 3C1.1 provides for a two level adjustment to the defendant's offense level if the defendant obstructed or impeded justice with respect to the prosecution of the offense of conviction and the obstructive conduct related closely to the offense and any relevant conduct or a closely related offense. See U.S.S.G. § 3C1.1. The commentary notes provide that although a denial of guilt is not a basis for applying § 3C1.1, committing perjury warrants a two level adjustment. See U.S.S.G. § 3C1.1, Commentary note 4(b); United States v. Batista-Polanco, 927 F.2d 14, 22 (1st Cir. 1991) (upholding the enhancement of a criminal defendant's sentence pursuant to U.S.S.G. § 3C1.1 for testifying falsely in his own defense).

In this case, the defendant told a preposterous story from the witness stand - a story the jury did not believe as evidenced by the verdict. The defendant claimed that he was chased by law

enforcement, but that he fell to his knees in surrender at which time the Resident Agent in Charge of DEA began to pistol whip him. Then the defendant claimed that Task Force Agent Naylor repeatedly tasered him while yelling at the defendant to cooperate with the government. Clearly, the jury did not believe the defendant as they convicted him of violating 18 U.S.C. § 111(b).

In addition, although commentary note 5(b) states that avoiding or fleeing from arrest normally does not warrant an adjustment to the base offense level, see United States v. Wallace, 461 F.3d 15, 38 (1st Cir. 2006)[1], the note creates an exception if the defendant is convicted of a separate count for such conduct. See U.S.S.G. § 3C1.1, commentary note 5; United States v. Herr, 202 F.3d 1014, 1017 (8th Cir. 2000) (holding that a conviction for a violation of 18 U.S.C. § 111 warrants an obstruction-of-justice enhancement to the drug offense); United States v. Olunloyo, 10 F.3d 578, 580-82 (8th Cir. 1993) (same); United States v. Giacometti, 28 F.3d 698, 703 (7th Cir. 1994) (agreeing with the Eighth Circuit's approach to the commentary note to § 3C1.1). The government was unable to find First Circuit law addressing the issue; however, the Eighth Circuit cases are directly on point in holding that the offense level of

[1] Wallace did not involve a conviction for a separate offense involving obstructive conduct. Accordingly, Wallace was not a case falling within the exception to commentary note 5.

the underlying drug offense should be adjusted pursuant to § 3C1.1 when a defendant is convicted of violating 18 U.S.C. § 111.

ACCEPTANCE OF RESPONSIBILITY

Defendant asks the Court to grant him acceptance of responsibility points because he testified at trial that he sold the informant a small amount of heroin in an attempt to cheat the informant. The defendant's argument is without merit for several reasons. See U.S.S.G. § 3E1.1. and commentary notes. First, the defendant testified falsely about his behavior at the scene. Second, the defendant put the government to its burden of proof at trial on the drug offense. His testimony at the conclusion of the government's case did not lessen the government's burden. Third, the defendant has not expressed remorse or admitted guilt. Even his testimony is an attempt to lessen his role as a drug dealer, i.e., claiming that he is a cheat not a drug dealer and that he only sold a "little bit." Fourth, the defendant obstructed justice. For all of these reasons, the defendant's request for acceptance of responsibility points should be denied.

SAFETY VALVE

The defendant seeks relief from the statutory minimum and a two level downward adjustment in his offense level pursuant to U.S.S.G. § 5C1.2, the safety valve. He is not entitled to this adjustment because he has not satisfied the requirements of §5C1.2(a)(5) by meeting with the government to truthfully provide

all information and evidence regarding the offense. Furthermore, the defendant failed to satisfy §5C1.2(a)(2) because he used violence in connection with this offense when he assaulted Task Force Agent Naylor. Accordingly, the defendant's request should be denied.

VARIANCE

To the extent the defendant's sentencing memorandum can be construed as seeking a variance from the applicable guideline range, the government maintains that this request should be denied. Instead, the government asks the Court to impose a sentence at the high end of the guideline range.

The defendant, a convicted drug dealer, assaulted a federal officer in the performance of his duties. This is an extremely serious violation and a message needs to be sent to other drug dealers for the safety of law enforcement.

Aside from the defendant's actions on the day of his arrest, he has demonstrated no personal characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). The defendant is a well-educated employee of the Providence City Schools. As a teacher's aid, society has entrusted its children to the defendant. For someone in the defendant's position to deal drugs is a far greater threat to society that someone in a

different line of work.

Given the defendant's personal characteristics, the offenses involved, and society's need for deterrence, a variance from the guideline range is not warranted.

## CONCLUSION

For the foregoing reasons, the government asks that the Court sentence the defendant to 97 months imprisonment.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001

CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2007, a copy of the within "Government's Response to Defendant's Sentencing Memorandum" electronically filed. Additionally, a copy of the memorandum was mailed to the following addressees:

Mr. John Ruginski, Jr.
129 Dorrance Street, Suite 1
Providence, Rhode Island 02903

Mr. Gregory Osawkwe, Esq.
57 Pratt Street, Suite 604
Hartford, CT 06103

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001