06-00071
USDCRI
Judge Torres

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 07-1941

UNITED STATES,

Appellee,

v.

SANDY BAEZ,

Defendant, Appellant.

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: January 14, 2008

We have reviewed the record and the parties' submissions, and we affirm. We see no plain error in the district court's jury instructions on the 18 U.S.C. § 111 charge. See United States v. Matthews, 498 F.3d 25, 31 (1st Cir. 2007) (plain error review applies when defendant failed to object below to jury instruction). There was no question that Agent Naylor was transporting Baez to the police station at the time of the assault. Clearly, then, Agent Naylor was acting in his capacity as a task force agent for the Drug Enforcement Administration (DEA) at the time of the assault, and the jury could not rationally have concluded otherwise. Thus, Baez cannot show that any alleged error affected his substantial rights or seriously impaired the fairness of the proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). For the same reasons, his argument that the government did not meet its burden of proof on this element of the offense also fails.

Baez next argues that the government failed to prove that he formed the necessary intent to assault Agent Naylor, and he

contends that the evidence demonstrated that Agent Naylor assaulted Baez first. The lengthy argument in his brief is nothing more than a discourse on why the jury should have believed his testimony rather than Agent Naylor's. There was sufficient evidence here -- introduced through the testimony of Agent Naylor -- that Baez's assault on him was unprovoked and intentional. The jury apparently credited that evidence, and Baez's attack on the jury's verdict fails. United States v. Portalla, 496 F.3d 23, 28 (1st Cir. 2007) (witness credibility is for jury to decide).

Baez's attack on the government's failure to prove that the substance at issue was not contaminated also fails. The government was obligated to prove each element of the offense, and nothing more. There was no other evidence suggesting contamination of the sample, and the chemist's surmise that the DEA's scale may not have been calibrated properly was a reasonable one that the jury was free to accept. More importantly, given that Baez admitted adding heroin to the mixture, his suggestion that someone else may have contaminated the mixture with (additional) heroin is irrelevant.

Baez's challenge to his sentence also fails. The district court was correct to use the total weight of the substance containing heroin to set Baez's base offense level. See U.S.S.G. § 2D1.1(c), n. (A).

Finally, Baez's claim of ineffective assistance is not cognizable here. See United States v. Yeje-Cabrera, 430 F.3d 1, 12 (1st Cir. 2005). The record is not sufficiently developed, a point that Baez concedes in his brief.

The motion for bail pending appeal is denied as moot.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

M. [signature]
Deputy Clerk

Date: 5/9/08

[cc: Gregory Osakwe, Esq., Sandra Beckner, AUSA, Stephanie Browne, AUSA, Donald Lockhart, AUSA]