UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - -
:
UNITED STATES OF AMERICA :
:
v. : CR No. 06-071 S
:
SANDY BAEZ :
:
- - - - - - - - - - - - - - - -

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Sandy Baez has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 95) in the above matter. For the reasons that follow, the motion is denied.

I. FACTUAL BACKGROUND AND TRAVEL

On June 7, 2006, a federal grand jury in the District of Rhode Island returned a three-count indictment against Baez. Count I charged that Baez assaulted and inflicted bodily injury on Michael Naylor, a Task Force Agent of the Drug Enforcement Administration (DEA), while in the course of his duties, in violation of 18 U.S.C. § 111(b). Counts II and III charged that Baez and a co-defendant conspired to distribute, and actually distributed, 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Throughout all proceedings in this Court, Baez was represented by attorneys John Ruginski and Gregory Osakwe.

A two-day jury trial was conducted before Senior Judge Ernest C. Torres of this Court on Counts I and III.[1] At trial, the evidence showed that Baez's arrest occurred during the course of a controlled drug transaction with a DEA informant; that the drug being sold was highly impure and contained one percent or less of heroin; and that when DEA agents moved in for the arrest, Baez attempted to flee, but was apprehended after a brief struggle. Agent Naylor testified that while Baez was being transported to DEA headquarters after his arrest, he assaulted Naylor in the rear seat of the vehicle; that Naylor attempted to subdue Baez with a taser gun; and that ultimately another DEA Agent, Anthony Cardello, who was driving, had to stop the vehicle and assist in subduing Baez. (See CR No. 06-071-S, Trial Tr. Vol. I, 56-60, 68-80, Jan. 23, 2007 ("1/23/07 Trial Tr.").)

Baez testified on his own behalf at trial and stated that he added a small amount of heroin to the mixture he planned to

---

[1] The Government dismissed the charges against Baez's co-defendant, Manual Nogueira-Recio, prior to trial and then dismissed the conspiracy count against Baez (Count II) during trial.

2

sell to the informant with the intention of "ripping him off"; that when agents closed in to arrest him, he attempted to flee; and that he kicked Agent Naylor in the rear seat of the vehicle only in self-defense. (Id. at 106-129.) At the close of all the evidence, the jury found Baez guilty on both counts.

The Presentence Report (PSR) prepared by the U.S. Probation Office calculated a guideline sentencing range of 78 to 97 months, based on an offense level of 28 and a criminal history category I, which included a two-level enhancement for obstruction of justice and excluded any reduction for acceptance of responsibility. Defense counsel filed objections to both aspects of the PRS and argued the objections at the sentencing hearing. Judge Torres rejected the objections and imposed the obstruction of justice adjustment based on Baez's resistance at arrest. He then sentenced Baez to ninety (90) months of imprisonment on each of the two counts, to be served concurrently.[2]

Baez's conviction and sentence were affirmed on appeal. See United States v. Baez, No. 07-1941 (1st Cir. Jan. 14, 2008).

---

[2] The sentencing court also imposed terms of three and four years of supervised release, for the respective counts, and ordered that upon completion of his imprisonment, Baez is to report to United States immigration officials for deportation proceedings. See United States v. Baez, CR. No. 06-071-01-T, Judgment 3-4.

3

In affirming, the Court of Appeals found inter alia that the assault was sufficiently proven beyond a reasonable doubt, noting that the jury credited DEA Agent Naylor's testimony over that of Baez. Id. at 1-2.

Baez then filed the instant motion to vacate, along with several supplemental memoranda. He asserts as primary claims: (1) that his counsel provided ineffective assistance during trial and sentencing; and (2) that the Court committed sentencing errors by (a) improperly failing to grant him a downward adjustment for acceptance of responsibility, and (b) improperly failing to grant a downward departure based on the "unusually low purity of the drug." The Government has objected to the motion, to which Baez has replied. This matter is ready for decision.[3]

---

[3] Although Baez has requested an evidentiary hearing, no hearing is required in connection with any issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that his claim is without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego a hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal citation and quotations omitted); see also United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991) (conclusory statements or allegations "unsupported by specifics are insufficient to require a court to grant an evidentiary hearing") (internal citation and quotations omitted).

4

II. DISCUSSION

    A.    General Principles

Generally, the grounds justifying relief under 28 U.S.C. § 2255[4] are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979) ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (internal citation and quotations omitted).

    B.    Ineffective Assistance Claims

A defendant who claims he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

---

[4] Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

(1) That his counsel's performance fell below an objective standard of reasonableness; and

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); accord United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010).

In assessing the adequacy of counsel's performance, the Court looks to "prevailing professional norms." Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994). All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id. (citing Strickland, 466 U.S. at 688-89). To satisfy the deficient-performance prong, the Court must "determine[] whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" United States v. Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 690).

For prejudice purposes, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In making the prejudice assessment, a court focuses on the "fundamental fairness of the proceeding." Manon, 608 F.3d at 131.

Here, Baez alleges several instances of alleged ineffective assistance by his counsel. Each is discussed in turn.

   1.   Failure to Call Witnesses

Baez first claims that his counsel were ineffective in failing to call certain witnesses on his behalf at trial. He contends that those witnesses would have testified favorably to him, presumably concerning his arrest and the taser incident. He further claims that his counsel should have called a taser expert to testify on his behalf. Both claims are without merit.

"The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993). Moreover, the petitioner must show how counsel's failure to investigate or call a witness prejudiced his case. See United States v. Porter, 924 F.2d 395, 397 (1st Cir. 1991) (rejecting claim that counsel's failure to interview witnesses constituted ineffective assistance absent any showing as to how that failure deprived the defendant of a viable defense).

Here, Baez fails to state exactly what these witnesses would testify to and how that testimony would have assisted him. The witnesses Baez mentions include "a lady in the house" near the location where he was arrested, who allegedly observed Baez

7

being escorted into the DEA vehicle, and two gas station attendants, who allegedly were at the scene. However, Baez fails to describe what these witnesses would have said or how their testimony would have assisted him. His belated identification of the names and/or addresses of some of these witnesses (see Reply 3-4, ECF No. 103) does not change this result. Thus, this Court cannot say that counsel's performance fell outside "the wide range of reasonable professional assistance" in failing to investigate or call these witnesses. Strickland, 466 U.S. at 689.

Nor was Baez prejudiced. The evidence against Baez regarding the assault offense -- which occurred in a closed vehicle -- was strong, and Baez himself testified about the incident at trial. In essence, his claim boils down to an assertion that although the jury did not believe Baez, who participated in the incident inside the vehicle, they might have believed other witnesses, who were not in or near the vehicle and who are not alleged to have directly observed either the arrest or the assault. Thus, his claim that these witnesses would help amounts to sheer speculation. See Janosky v. St. Amand, 594 F.3d 39, 49 (1st Cir. 2010) ("Where, as here, the

8

result of counsel's alleged failure to investigate is wholly speculative, Strickland's prejudice prong is not satisfied.").[5]

Similarly, Baez's counsel was not deficient in failing to call a taser expert witness. Again, Baez fails to describe what such an expert would have testified to and how it would have rebutted the testimony of Agent Naylor, nor does this Court see how such testimony would have assisted Baez. The record shows that the critical fact issue at trial was who initiated the tasering incident; it is difficult to see how a taser expert could assist with the resolution of that issue. Accordingly, this claim fails.

   2.   Failure to Challenge Drug Quantity

In a supplemental "Addendum" filed subsequently to his § 2255 motion,[6] Baez asserts that his counsel were ineffective in

---

[5] Contrary to Baez's assertions, the decision in Salazar v. United States, 319 Fed. Appx. 815 (11th Cir. 2009), does not assist Baez. In Salazar the defendant was convicted of attempting to sell crack cocaine to an undercover police officer. The court reversed the denial of § 2255 relief, based on defense counsel's ineffective assistance in failing to call as witnesses the defendant's two companions who were present at the scene and who would have testified that the defendant had not possessed the drugs in question. Id. at 817. Here, by contrast, the fact witnesses that Baez contends should have been called were not present at, and are not alleged to have directly observed, either the drug transaction and subsequent arrest or the alleged tasering incident which occurred in the agent's vehicle while en route to DEA headquarters. Thus, Salazar is factually distinguishable from the instant case.

failing to adequately challenge the drug quantity attributed to him. (Addendum at 2-8.) He contends that his counsel should have emphasized the discrepancy in the weight of the drug mixture in question, as raised during the testimony of the government chemist who analyzed the mixture. However, any weight discrepancy was rendered moot by Baez's own admission -- made both at trial and in his § 2255 papers -- that he mixed heroin into the mixture. The First Circuit noted as much in affirming Baez's conviction, and it also observed that the jury was free to determine that the weight discrepancy resulted from a scale not having been calibrated properly rather than contamination by an outside source. See Baez, No. 07-1941 at 2. Thus, Baez has demonstrated neither deficient performance nor prejudice on this point. See Strickland, 466 U.S. at 689.

3. Other Errors

Baez briefly alludes to other instances of ineffective assistance in connection with his counsel's alleged failure to negotiate a plea agreement prior to trial and to argue for a lesser sentence based on the low purity of the drug. These claims are rejected as both undeveloped, see Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (ineffective

---

[6] See "Petitioner's Adde[nd]um to This [sic] 28 U.S.C. § 2255 and Exhibits Attached Hereto," ECF No. 99 ("Addendum").

10

assistance claim raised in a perfunctory manner deemed waived), and belied by the record.[7]

C. Sentencing Claims

Baez's motion raises two claims concerning the calculation of his sentence: (1) the sentencing court erred when it denied his request for a downward adjustment for acceptance of responsibility and (2) he should have been granted a downward departure because of the unusually low purity of the drug. As a threshold matter, both claims encounter procedural obstacles.

First, to the extent either claim was not raised on direct appeal, it is precluded in this § 2255 proceeding, absent a showing of cause and prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998) (a movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice," or actual innocence)

---

[7] To the extent that Baez purports to argue that his counsel was ineffective for failing to argue for a downward adjustment for acceptance of responsibility, this claim fails in view of the discussion, infra, that such an argument would not have been successful. There can be no ineffective assistance arising from counsel's failure to argue a point on which he could not have prevailed. See Knight v. Spencer, 447 F.3d 6, 16 (1st Cir. 2006); see also Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) ("Counsel is not required to waste the court's time with futile or frivolous motions.") (internal citation and quotations omitted).

(citations omitted); accord Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994); see also United States v. Frady, 456 U.S. 152, 165 (1982) (a motion under § 2255 is not a substitute for a direct appeal).

Here, it does not appear that Baez challenged the sentencing court's refusal to grant a downward adjustment for acceptance of responsibility. While Baez did raise the low purity of the heroin as a basis for a downward departure at sentencing (Sentencing Tr. 10-11, May 15, 2007 ("Sent. Tr.")), it is not clear that he raised the issue on direct appeal.[8] In his papers, Baez shows neither cause nor prejudice in connection with his failure to raise these claims on appeal, nor does he assert his actual innocence.

Second, neither claim raises an issue of a constitutional or jurisdictional dimension or otherwise creates a miscarriage of justice; thus, neither is cognizable in this proceeding,

---

[8] Baez did raise the "low purity" issue on appeal insofar as he unsuccessfully challenged the sentencing court's using the total weight of the substance involved, of which 1% or less was heroin, to set his offense level of the drug quantity. To the extent he may have also raised this issue in connection with any challenge to the denial of a downward departure, it was implicitly rejected by the Court of Appeals and may not be raised here. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (internal citation and quotations omitted); accord Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996).

absent the same cause and prejudice. See Addonizio, 442 U.S. at 184-85 ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."); Knight, 37 F.3d at 772-73 (alleged error in calculation of sentence does not warrant relief under § 2255).

Even if they could be considered, both claims are meritless in any event. As to the claim for a downward adjustment for acceptance of responsibility, the Application Note 2 to USSG § 3E1.1 provides that a downward adjustment for acceptance of responsibility is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying guilt, is convicted, and only then admits guilt and expresses remorse. This is exactly what Baez has done here.[9] Indeed, he continues to profess his innocence of the assault offense in this proceeding.[10]

---

[9] Baez's argument that his admission at trial that he participated in the drug transaction entitles him to an adjustment under § 3E1.1 is disingenuous, because at the same time he contested, and continues to contest, (1) the assault charge and (2) the quantity of drug attributable to him.

[10] This is not the "rare situation[]," as discussed in Application Note 2 to USSG § 3E1.1, where a defendant "goes to trial to assert and preserve" a constitutional or other

Here, the sentencing court found both that Baez had obstructed justice by fleeing from arrest and later attacking Agent Naylor and that he had not, even at the time of sentencing, accepted responsibility for his criminal conduct. (Sent. Tr. 9-10, 24.) Either of those findings alone warranted a denial of the adjustment. See USSG § 3E1.1, Application Note 4 (conduct resulting in an obstruction-of-justice enhancement ordinarily indicates that defendant has not accepted responsibility for his criminal conduct). Thus, there was no error in refusing to award Baez an adjustment for acceptance of responsibility.

Baez's claim to a downward departure based on the unusually low purity of the drug is likewise meritless. Judge Torres clearly considered the low purity of the drug and found it not to justify a lower sentence under the circumstances. The Court's refusal to depart downward was eminently reasonable, in view of the Court's determination, noted above, that Baez obstructed justice and showed no remorse for his offenses -- and in view of Baez's assertion, repeated in his § 2255 papers, that he intended to "rip off" the DEA informant who was the buyer. See United States v. Anonymous Defendant, 629 F.3d 68, 73-75

---

challenge to the statute. Id. Baez asserts no such challenge to the offense statutes under which he was convicted.

14

(1st Cir. 2010) (holding that post-Booker, a district court's discretionary decision not to depart from the Guidelines is reviewed for reasonableness).[11]

Finally, to the extent Baez claims he should have been otherwise granted a lesser sentence based on the low quantity of heroin in the mixture, that claim was raised and rejected on his direct appeal. See Baez, No. 07-1941 at 2, and Baez is therefore precluded from raising it here. Singleton, 26 F.3d at 240.

III. CONCLUSION

For the foregoing reasons, Baez's claims must be rejected and his motion to vacate is hereby DENIED and DISMISSED.


RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability, because Baez has failed to

---

[11] The decision in United States v. Berroa-Medrano, 303 F.3d 277 (3d Cir. 2002), cited by Baez (Reply 11-12), does not assist him. There, the court upheld the sentencing court's inclusion of the entire weight of the substance involved, which included trace elements of heroin. Id. at 284-85. While the court did note that the sentencing court awarded a downward departure based on the minute amount of heroin contained in the drug mixture, because to do otherwise would "shock the conscience," id., that is not the case here.

make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Baez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).[12]

SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  May 12, 2011

---

[12] This Court is aware that Baez has also filed a civil rights action against the DEA agents who arrested and transported him, alleging excessive force during his arrest. That action, Baez v. Connelly, C.A. No. 10-399-ML, is pending before Judge Lisi.  The disposition of this § 2255 motion is separate and distinct from the disposition of that action.